JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIVINE HOTELS, LLC, <br><br>             Plaintiff, <br><br>    v. <br><br>ROBERT JONES, SR., and DOES 1 TO 10, <br><br>             Defendants. | Case No. SA CV 17-0276 DOC (JCGx) <br><br>**ORDER SUMMARILY REMANDING IMPROPERLY REMOVED ACTION** |

    The Court will summarily remand this unlawful detainer action to state court because Defendant removed it improperly.

    On February 15, 2017, Robert Jones, Sr. ("Defendant"), having been sued in what appears to be a routine unlawful detainer action in California state court, lodged a Notice of Removal of that action in this Court ("Notice") and also presented a request to proceed *in forma pauperis*. [Dkt. Nos. 1, 3.] The Court has denied the latter application under separate cover because the action was improperly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

1

Simply stated, Plaintiff could not have brought this action in federal court in the first place, in that Defendant does not competently allege facts supplying either diversity or federal-question jurisdiction, and so removal is improper. 28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Notably, even if complete diversity of citizenship exists, Defendant cannot properly remove the action because Defendant resides in the forum state. (*See* Notice at 1); *see also* 28 U.S.C. § 1441(b)(2).

Nor does Plaintiff's unlawful detainer proceeding raise any federal legal question. *See* 28 U.S.C. §§ 1331, 1441. Pursuant to the "well-pleaded complaint rule," federal-question jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. Plaintiff's complaint for unlawful detainer alleges a cause of action arising under the laws of the State of California. [*See* Dkt. No. 1 at 9-12.] In the Notice, Defendant claims that he withheld rent in response to Plaintiff's alleged violations of the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.* (Notice at 2-3.) However, the FHA does not appear on the face of Plaintiff's well-pleaded complaint, and thus may not serve as a basis for federal-question jurisdiction. [*See* Dkt. No. 1 at 9-12]; *see also Caterpillar*, 482 U.S. at 392; *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (holding that federal-question jurisdiction "cannot be predicated on an actual or anticipated defense" nor on "an actual or anticipated counterclaim").

//

//

//

//

1  Accordingly, IT IS ORDERED that: (1) this matter be REMANDED to the
2  Superior Court of California, County of Orange, North Justice Center, 1275 North
3  Berkeley Avenue, Fullerton, CA 92832, for lack of subject matter jurisdiction pursuant
4  to 28 U.S.C. § 1447(c); (2) the Clerk send a certified copy of this Order to the state
5  court; and (3) the Clerk serve copies of this Order on the parties.

8  DATED: March 2, 2017  _____
9  HON. DAVID O. CARTER
   UNITED STATES DISTRICT JUDGE